**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SCOTT R. ZABRISKIE,**

        **Plaintiff,**

-vs-                                                **Case No. 6:10-cv-1090-Orl-22DAB**

**7-11,INC.; CITY OF ORLANDO a/k/a**
**Orlando Police Department; and JOHN**
**DOE 1-5,**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** July 22, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be dismissed.

Plaintiff, a frequent filer of *pro se* complaints in this division, presents his latest Complaint in a series of actions alleging strikingly similar conduct, filed against local law enforcement departments and others. In *Zabriskie v. City of Kissimmee Police Department, et. al.*, Case No. 6:10-cv-70-Orl-PCF-KRS, Doc. No. 1 (M.D. Fla. Jan. 12, 2010) ("*Zabriskie I*"), Plaintiff alleged that on January 13, 2006, he was unlawfully arrested, beaten repeatedly, and jailed for longer than sixty days. *Id.* at ¶¶ 13, 15, 18. In *Zabriskie v. Bob Hansell, also known as Sheriff of Osceola County, et.*

*al.*, Case No. 6:10-cv-384-Orl-JA-DAB, Doc. No. 1 (M.D. Fla. Mar. 12, 2010) ("*Zabriskie II*"), Plaintiff alleged that on March 13, 2006, he was unlawfully arrested, beaten repeatedly, and jailed for longer than sixty days. *Id.* at ¶¶ 13, 16, 21. In *Zabriskie v. Hess, Inc., Bob Hansell, also known as Sheriff of Osceola County, et. al.*, Case No. 6:10-cv-622-Orl-GKS-GJK, (M.D. Fla. April 26, 2010) (*"Zabriskie III"),* Plaintiff alleged that on April 24, 2006, he was unlawfully arrested, beaten repeatedly, and jailed for longer than sixty days. *Id.* at ¶¶ 13-19.  Although *Zabriskie I* is still pending in this division, the other complaints have been dismissed.  The instant action alleges that on July 22, 2006, Plaintiff was yet again unlawfully arrested (this time by Orlando police officers), beaten repeatedly, and jailed for longer than sixty days.[1] Plaintiff seeks to proceed *in forma pauperis* with respect to this action.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).  However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).  A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson*

---

[1]Plaintiff has filed other actions, as well.  *See  Zabrinski v. Court Administration of the Ninth Judicial Circuit, et al.,* Case No. 6:05-cv-1394-Orl-22JGG and Case No. 6:03-cv-1856-ACC-KRS.

*v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Nonetheless, certain standards are still required. As the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal* , __ U.S. __, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Upon review, the instant complaint fails to properly state a cognizable cause of action that meets the plausibility pleading standard.

In the first instance, this action is no more than a rehash of the prior actions. Indeed, in part, Plaintiff has merely re-alleged the allegations of previously dismissed complaints, complete with the names of the prior defendants. *See, e.g.,* Allegation 68 - asserting that a defendant was "acting in the scope of his employment for Defendant Hess" and Allegation 62 - asserting that "Defendant Sheriff of Osceola negligently supervised" his employees. These allegations do not state a cause of action against the current Defendants. Further, the remaining allegations are so broadly drawn that they fail to meet the pleading standard. Plaintiff makes reference to unnamed witnesses, clerks, "multiple perpetrators" of alleged beatings that took place at unspecified times and under unspecified circumstances, and fails to identify any of the alleged John Doe defendants except in the most cursory of ways. In presenting the claim in the most general of ways, Plaintiff alleges mere "labels and conclusions" rather than specific factual allegations that raise the right to relief above the speculative level. *Twombly,* 550 U.S. at 555. Moreover, to the extent the Complaint does make specific factual allegations, those allegations do not state a cognizable cause of action in this forum.

Plaintiff alleges that the police arrested him because a convenience store clerk reported that Plaintiff had committed an armed robbery with a knife (Allegation 22). After his arrest, other police officers arrived and conducted an investigation (Allegation 21). Plaintiff was charged with armed robbery and imprisoned "against his will" until December 2006 (Allegation 26).[2] Plaintiff complains that this was a "grossly deficient" investigation, but no where does Plaintiff allege that he was exonerated and found not guilty of the charge. Plaintiff asserts loosely defined federal claims of violation of civil rights pursuant to 42 U.S.C. § 1983, as well as state law claims, based on these allegations.

An arrest made with probable cause constitutes an absolute bar to a section 1983 action for false arrest. *Ortega v. Christian*, 85 F. 3d 1521, 1524-6 (11th Cir. 1996). A "law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Von Stein v. Brescher,* 904 F.2d 572, 578 (11th Cir. 1990). Here, Plaintiff admits that he was in the store, admits that the clerk summoned the police, admits that upon hearing the clerk summon the police, he quickly left the premises, and asserts that the police arrested him based on the clerk's statement to the police identifying Plaintiff as an armed robber. Plaintiff also concedes that the police conducted an investigation, although Plaintiff believes it to have been inadequate. A contention that the police nonetheless had no probable cause to arrest him, despite the eye witness statement and resulting investigation, is not plausible on these facts, regardless of whether or not the clerk's statement eventually turned out to be incorrect. A cause of action for false arrest, and any of

---

[2]The Court has yet to meet the defendant who was imprisoned with his full consent.

-4-

the other claims that flow from the alleged false arrest is not tenable.[3] *See, e.g. Goree v. City of Atlanta,* 276 Fed. Appx. 919 (11th Cir. 2008) (rejecting claim of no probable cause to arrest based on allegedly "biased" or lying witnesses); *Fiscus v. City of Roswell,* 832 F. Supp. 1558 (N. D. Ga. 1993) (probable cause to arrest based on eyewitness identification of arrestee as person who entered bank and reportedly stole from the ATM machine); *Joyce v. Adams*, 2007 WL 2781196, 7 (S. D. Ga. 2007) ("As there is no evidence that defendant knew that these witnesses were lying, this positive identification of plaintiff by two participants in the murders is sufficient to establish arguable probable cause that plaintiff was in fact the fourth accomplice, even when considered in light of the other evidence that cast some doubt upon the identification."). Absent a valid federal claim, there is no jurisdiction to entertain the state law claims.[4] The Complaint is frivolous.

It is respectfully recommended that the Complaint be **dismissed** and the motion **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 27, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[3] In view of this conclusion, the Court need not reach the issue of qualified immunity with respect to the unnamed officers.

[4] Plaintiff asserts that he has no home and no fixed address anywhere in the continental United States, but alleges he resides "outside of Florida." Such allegations are insufficient to establish diversity as Plaintiff has failed to establish his citizenship, nor is it possible to determine the citizenship of the various Defendant Does without identifying who they are. The Court notes that Plaintiff lists an Orlando address for mailing purposes and lists a phone number with a local area code.